UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JASON DAVID SPEED                                                                                          PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 3:20CV749-TSL-RPM

BILLY SOLLIE                                                                                               DEFENDANT

**REPORT & RECOMMENDATION**

Plaintiff Jason David Speed, proceeding *pro se* and *in forma pauperis*, filed on November 20, 2020, a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement at the Lauderdale County Detention Center. Doc. [1] [8]. By order of March 5, 2021, and pursuant to the provisions of 28 U.S.C. § 1915, the undersigned set this matter for a screening hearing to be conducted on April 15, 2021. Doc. [15]. The order setting the matter for hearing and a notice of the hearing were mailed to Plaintiff at his address of record, which is located at the Lauderdale County Detention Center. The order and notice were returned "undeliverable". Doc. [17]. A prior order (Doc. [9]) entered by the Court on January 28, 2021, and mailed to Plaintiff's LCDC address, also has been returned as "undeliverable". Doc. [11]. On multiple occasions, Plaintiff has been cautioned that it is his responsibility to maintain a current address with the Court and that failure to do so may result in dismissal of his lawsuit. Doc. [3] [7] [9]. Based on the returned mail, the Court finds Plaintiff has not submitted a change of address with the Court; therefore, he has failed to advise of his current address as directed by the Court. Nor has he communicated with the Court in any other manner. In fact, Plaintiff has not filed any pleading with the Court since January 25, 2021. *See* Doc. [8].

On April 15, 2021, the Court came to order at the appointed time and announced Plaintiff's case. Plaintiff's name was called in the courtroom three times without response. The

Courtroom Deputy then went into the hallway to call Plaintiff's name three times as well but received no response. The Courtroom Deputy also contacted court security personnel to ask whether Plaintiff had passed through the security checkpoint at the Courthouse. According to Court security, he had not entered the building. Counsel for Defendant appeared for the hearing and informed the Court he had received notice that Plaintiff is no longer incarcerated, having been released from custody on January 26, 2021, and has not returned to custody as of the date of the hearing. Based on Plaintiff's failure to maintain a current address and his failure to appear at the hearing, the Court finds Plaintiff no longer demonstrates interest in prosecuting his claims.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Jason David Speed's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 20th day of April 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

3